■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered March 12, 1984, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People, and assuming that the jury credited the People's witnesses *(see, People v Giuliano,* 65 NY2d 766, 768; *People v Kennedy,* 47 NY2d 196, 203), the evidence supports the conclusion that the laceration on the finger of the complaining witness was intentionally caused by the defendant as he wielded a machete. "[T]he introduction of a single item of exculpatory evidence [does not] mandate acquittal" whenever the circumstantial evidence standard is applied *(see, People v Kennedy, supra,* at p 204). The introduction of evidence that there was broken glass in the room from a smashed mirror was insufficient to support the inference that the laceration was caused by broken glass rather than the machete. The medical testimony indicated that the laceration in question was "clearly incised" and would not have been caused by a piece of the broken mirror. The doctor's testimony that the laceration *could* have been caused by a piece of sharp glass excluded jagged-edged broken mirror glass from its scope.

The element of intent is established by the testimony of various prosecution witnesses, who attributed to the defendant various threats. Accepting, as we must, that the prosecution witnesses were credited and anything by the defense witness contradicting them was not, no contrary inference of unintentional causation would be reasonable.

The *Sandoval* ruling made by the trial court reflected a proper balancing of considerations, and was an appropriate exercise of discretion. Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.